IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM ALLEN LEGG  :

v.  :  CIVIL ACTION NO. DKC-02-2751

LEGG MASON, INC.  :
LEGG MASON WOOD AND WALKER,
  INC.  :

**<u>MEMORANDUM</u>**

On August 20, 2002, the above-captioned *pro se* civil rights complaint was filed by William Allen Legg, a former resident of Abingdon, Maryland now residing in Elmira, New York. Plaintiff seeks to file without prepayment of filing fees or costs (*see* Paper No. 2), and based on his affidavit of indigency, this request will be granted. Affording the complaint a liberal construction, it would appear that plaintiff seeks money damages and alleges that his stocks and savings bonds have been "stolen by so-called satanist[s] who are employed by Legg Mason, Legg Mason Wood and Walker Inc. and several of the[ir] brother and sister and sub-sidiary corporations."

Discretion has been granted to federal district judges under § 1915 to screen out meritless cases filed by *pro se* plaintiffs. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995). Under *Neitzke*, a complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact. *Neitzke,* 490 U.S. at 325. While Mr. Legg may be among the many citizens who have suffered losses in the stock and bond markets, his claim that brokerage firm employees have actually stolen stock from numerous post offices in New York, Maryland, Ohio and New York appears to have no basis in reality. Plainly, Mr. Legg's complaint satisfies the standard for § 1915(e)

dismissal.

For the aforementioned reason, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e). A separate Order follows.


_____
Date

_____
Deborah K. Chasanow
United States District Judge